IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § § § § § § § § § § | SEALED |
| v. | | No. 4:21-CR-77 |
| | | Judge Mazzant |
|  | | |
| JARMAR DURAN GRIFFIN (5) | | |



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
APR 15 2021
BY DEPUTY_____

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute Marijuana)

That from sometime in or about January 2020, and continuously thereafter up to and including April 14, 2021, in the Eastern District of Texas and elsewhere,



Jarmar Duran Griffin

Indictment/Notice of Penalty – Page 1

defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

### Count Two

<u>Violation</u>:  18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A) and 1956(a)(2)(B)(i))

That from sometime in or about January 2020, and continuously thereafter up to and including April 14, 2021,



**Jarmar Duran Griffin**

defendants, did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree together and with each other, and with others known and unknown to the Grand Jury, to commit certain offenses against the United States, to-wit:

1. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce that involved the proceeds of a specified unlawful

activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled Substance, to-wit: marijuana, as described in Count One of this Indictment, with the intent to promote the carrying on of said specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i);

    2. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce that involved the proceeds of a specified unlawful activity, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance, to-wit: marijuana, as described in Count One of this Indictment, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

    3. to knowingly transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States, with intent to promote the carrying on of specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled Substance, to-wit: marijuana, as described in Count One of this Indictment, in violation of 18 U.S.C. § 1956(a)(2)(A); and

    4. to knowingly transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States, involving the proceeds of a specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled Substances, to-wit: marijuana, as described in Count One of this Indictment, knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

## MANNER AND MEANS

    1. It was part of the conspiracy for members to purchase automobiles, houses, jewelry and other valuable assets with the proceeds derived from the distribution and sale of marijuana and place the assets in the names of third parties in order to conceal or disguise the nature, location, source, ownership, and control of the proceeds derived from the specified unlawful activity;

    2. It was a part of the conspiracy for members to transport from the United States to the Republic of Mexico, United States currency that was derived from the smuggling of marijuana and marijuana into the United States and the distribution and sale of marijuana within in the United States, in order to promote the carrying on of the specified unlawful activity;

3. It was further a part of the conspiracy for members to receive United States currency derived from the distribution and sale of marijuana, and transport, transmit, or transfer the illegal proceeds from the United States to the Republic of Mexico, for the purpose of paying for the marijuana that this organization had received.

4. As representative of the manner and means of the conspiracy, and to effect and accomplish the objects of the conspiracy, one or more of the defendants or conspirators, both indicted and unindicted, and other persons known and unknown to the Grand Jury, performed or caused the performance of the following acts in the Eastern District of Texas and elsewhere.

In violation of 18 U.S.C. § 1956(h).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

As a result of committing the offense charged in this Indictment, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982, and 21 U.S.C. § 853, all property used to commit or facilitate the offenses, proceeds from the offenses, and property derived from proceeds obtained directly or indirectly from the offenses, including but not limited to the following:

Any and all such proceeds and/or instrumentalities are subject to forfeiture by the government.

A TRUE BILL

_____
GRAND JURY FOREPERSON

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY


_____          _____
ERNEST GONZALEZ                          Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § § § § § § § § | **SEALED**<br><br>No. 4:21-CR-77<br>Judge Mazzant |
| v. | | |
|  JARMAR DURAN GRIFFIN (5) | | |

### Count One

Violation:   21 U.S.C. § 846

Penalty:   If 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana -- not less than 10 years and not more than life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least five years.

Special Assessment:   $100.00

### Count Two

Violation:   18 U.S.C. § 1956(h) in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A) and 1956(a)(2)(B)(i)

Penalty:   Not more than 20 years imprisonment; a fine not to exceed $500,000 or twice the pecuniary gain or loss, and a term of supervised release of not more than 3 years.

<u>Special Assessment</u>:  $100.00